UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL HINTON-MORALES, <br><br> Plaintiff, <br><br> vs. <br><br> SHERIFF TIM WALBURG, Lake County, in his official capacity, <br><br> Defendant. | 4:21-CV-04206-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

Plaintiff, Daniel Hinton-Morales, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Hinton-Morales moves for leave to proceed in forma pauperis and has included a financial affidavit. Docket 2.

## I.  Motion for Leave to Proceed in Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Hinton-Morales's

financial affidavit, the court finds that he has insufficient funds to pay the filing fee. Thus, Hinton-Morales's motion for leave to proceed in forma pauperis (Docket 2) is granted.

## II.     1915 Screening

### A.     Factual Background

The facts alleged in Hinton-Morales's complaint are: that "(self) procured to inhibit the immense pain on scrotum." Docket 1 at 3. In a previous complaint that was dismissed for failure to prosecute, Hinton-Morales alleged that staff at the Lake County Sheriff's Office failed to respond to a medical emergency that caused him pain in his genitals. *Hinton-Morales v. Lake County Sheriff Office*, 4:21-CV-04142-KES, Docket 1 at 1-2 (D.S.D. Aug. 16, 2021). He claimed that his condition was presented to the Lake County Jail staff and that their response was delayed at the discretion of Sheriff Tim Walburg. *See id.* at 3.

Hinton-Morales brings claims against Walburg and the Lake County Sheriff's Office.[1] *See* Docket 1 at 1. Hinton-Morales does not specify the capacity in which he sues Walburg, although he does claim that he "seek[s] accountability within the capacity of Sherriffs [sic] Office." *See id.* at 3. If a plaintiff does not specific the capacity in which he or she sues a defendant, the suit is treated as only including official capacity complaints. *Egerdahl v.*

---

[1] Hinton-Morales only lists Walburg in the description of defendants in his complaint. Docket 1 at 2. But the caption to his complaint reads "Sheriff Tim Walburg @ Sheriff Offic [sic] et al Lake County Sheriff Office." *Id.* at 1. Construing his complaint liberally, the court finds that Hinton-Morales has asserted claims against both Walburg and the Lake County Sheriff's Office.

2

*Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Hinton-Morales sues Walburg in his official capacity. Hinton-Morales seeks $1,000,000 in money damages. Docket 1 at 4.

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or

inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory").

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court will now assess each individual claim under 28 U.S.C. § 1915.

### C. Legal Analysis

#### 1. Claims Against Lake County Sheriff's Office

Liberally construing the complaint, Hinton-Morales brings claims against the Lake County Sheriff's Office. *See* Docket 1 at 1. The Eighth Circuit Court of Appeals has held that sheriff's departments are not suable entities under 42 U.S.C. § 1983. *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam). Further, "vicarious liability is not actionable under 42 U.S.C. § 1983." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). Thus, Hinton-Morales's claims against the Lake County Sheriff's Office are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Claims Against Sheriff Tim Walburg

Hinton-Morales brings claims against Sheriff Tim Walburg in his official capacity. *See* Docket 1 at 1-2. Walburg was an employee of Lake County at the time of the incident in question. *See id.* at 1. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Hinton-Morales's official capacity claims against Walburg are equivalent to claims against Lake County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Here, Hinton-Morales makes very few allegations of fact and no allegations regarding Lake County policies or customs. Thus, his claims against Walburg in his official capacity are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Thus, it is ORDERED:

1. That Hinton-Morales's motion for leave to proceed in forma pauperis (Docket 2) is granted.
2. That Hinton-Morales's complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).
3. That judgment is entered in favor of Sheriff Tim Walburg.

Dated January 4, 2022.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE